15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SEATTLE MORTGAGE; Federal National Mortgage Association,
Creditors--Appellees,
v.
Robert L. BOYD, Debtor--Appellant.
 No. 92-36568.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Dec. 23, 1993.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Chapter 11 debtor/appellant Robert L. Boyd appeals the district court's order affirming the bankruptcy court's decision to deny confirmation of his reorganization plan and to grant creditor/appellee Seattle Mortgage relief from the automatic bankruptcy stay. Specifically, Boyd argues that (1) the bankruptcy court erred in ruling that there is no "new value" exception to the absolute priority rule, 11 U.S.C. Sec. 1129; (2) the bankruptcy court erred by refusing to consider whether his plan could be confirmed over Seattle Mortgage's objection and by granting Seattle Mortgage relief from the bankruptcy stay which prevented foreclosure on the deed for a building on which Seattle Mortgage holds a first mortgage; and (3) the district court erred in refusing to remand the matter to the bankruptcy court.
 
 
 4
 Under current Ninth Circuit law, the bankruptcy court's conclusion that no new value exception exists was erroneous and we reverse its holding to this effect. However, we agree with the district court and the bankruptcy court that Boyd's plan cannot possibly satisfy all of the requirements of the new value exception and thus cannot be confirmed as a matter of law. Accordingly, we affirm the district court's decision upholding the bankruptcy court's orders denying confirmation and granting relief from the stay. We also affirm the district court's decision not to remand the case to the bankruptcy court for a new confirmation hearing.
 
 
 5
 * Both Boyd and Seattle Mortgage spend the bulk of their briefs debating whether the new value exception to the absolute priority rule survived the 1978 enactment of the Bankruptcy Code. As Boyd predicted, the caselaw on this issue has "crystallized" since the filing of their briefs. Reply Brief of Debtor/Appellant at 4. In a recent decision, we held that the plain language of Sec. 1129 and its legislative history support the continuing viability of the new value exception as "a vital principle of bankruptcy law." In re Bonner Mall Partnership, 2 F.3d 899, 901 (9th Cir.1993). Thus, the bankruptcy court erred in rejecting the new value exception to the absolute priority rule.
 
 II
 
 6
 We now decide whether, as Boyd contends, the district court erred in affirming the bankruptcy court's decisions to deny confirmation of Boyd's plan and to grant Seattle Mortgage relief from the automatic stay. In Bonner Mall, we conceded that the exception "has the potential to subvert the interest of creditors and allow debtors and old equity to abuse the reorganization process." Bonner Mall, 2 F.3d at 918. We stressed, however, that courts can alleviate this concern by "ensuring that all of the requirements of the new value exception are met in every case." Id. For a debtor's plan to be confirmed as "fair and equitable" over the objection of a dissenting class, the exception requires the debtor to offer value that is "(1) new, (2) substantial, (3) money or money's worth, (4) necessary for a successful reorganization, and (5) reasonably equivalent to the value or interest received." Id. at 908 (citing, inter alia, Case v. Los Angeles Lumber Products Co., 308 U.S. 106, 121-22 (1939)). Because Boyd's plan cannot, as a matter of law, satisfy all of the exception's requirements, we agree with the district court that the bankruptcy court did not abuse its discretion in refusing to confirm Boyd's plan. See id. at 917 (stating that when the record is sufficiently complete, as in this case, "an appellate court can determine the feasibility of confirmation as a matter of law").
 
 
 7
 Both the bankruptcy and the district courts discussed why Boyd's plan could not satisfy the requirements of the new value exception if it was still in effect. The bankruptcy court noted that "the source of 'new value' was suspect" because "the bulk of payments appear to come from the debtor's rental income." Excerpts of Record (ER) at 50. Such value cannot be "new" because it arises from the very estate assets Boyd is attempting to keep over Seattle Mortgage's objection. In addition, Boyd offered no evidence demonstrating that his proposed $72,000 in monthly installment payments to the unsecured creditors constituted "reasonable, substantial" compensation as is required by the new value exception. Id.
 
 
 8
 The district court elaborated upon these conclusions, holding that Boyd's promise of future payments does not, as a matter of law, constitute "new" value. ER at 56. Unlike the bankruptcy court, the district court assumed that Boyd's monthly payments would come from his teaching salary, not from his rental income.[1] Nonetheless, the court concluded correctly that a promise to make monthly payments over six years does not satisfy the "money or money's worth" requirement. Id. at 57. In Case, the Supreme Court stated that contributions of cash or an acceptable cash substitute might satisfy the requirement, but it rejected the debtor's contribution of financial standing or management services because they had "no place in the asset column of the balance sheet" and simply reflected "vague hopes or possibilities." Case, 308 U.S. at 122-23. More recently, in Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 204 (1988), the Court explained that the value offered must be tangible, alienable, enforceable, and something of value to the creditors at the time the plan is confirmed. We agree with the district court that Boyd's unsecured promise of payments out of expected future salary cannot be "exchanged in any market for something of value to the creditors today," id., and thus is not money or money's worth.[2] Accordingly, because Boyd's plan cannot satisfy the requirements of the new value exception, and thus cannot be confirmed over Seattle Mortgage's veto, we affirm the district court's decision to uphold the bankruptcy court's orders denying confirmation and granting relief from the stay.
 
 III
 
 9
 Finally, we address Boyd's argument that the district court should have remanded the case to the bankruptcy court so that Boyd could attempt to propose a new plan that would satisfy the exception's requirements. Brief of Debtor/Appellant at 14-15. In explaining its decision not to remand, the district court noted that "[a]ppellant appears to have had a full and fair opportunity to present his plan to the bankruptcy court.... Bankruptcy proceedings--especially Chapter 11 proceedings--have severe impact upon creditors. This case is at a point where appellee is entitled to have it concluded." ER at 59. We agree with the district court and hold that it properly exercised its discretion in refusing to remand.
 
 
 10
 Boyd argues that the bankruptcy court's skepticism about the exception "deterred" him from presenting alternative proposals that might have satisfied the exception. Brief of Debtor/Appellant at 15-17. He contends that by refusing to remand the case, the district court has denied him an opportunity to modify the plan as permitted under 11 U.S.C. Sec. 1127. Id. at 15. Boyd's argument is unpersuasive. At the initial June 11, 1990 confirmation hearing, the bankruptcy court did express skepticism about the continued viability of the exception, but went on to warn Boyd that, if the exception were to exist, he would need to present valuation testimony on his contribution and provide value other than a mere promise of future payments. ER at 37-38. Yet there is no evidence in the record that Boyd presented any alternative plan, or offered to do so, at the second confirmation hearing nine days later. And at no time during this second hearing did the bankruptcy court state that Boyd would not be permitted to present such evidence.[3] Thus, Boyd received fair notice and ample opportunity to present an alternative plan that would satisfy the exception. Even on appeal, Boyd suggests no facts that could conceivably provide a basis for a viable alternative plan. Instead, he makes the naked assertion that it is "conceivable" he could have propounded such a plan, and offers as his only support several hypothetical and vague possibilities similar to plans found acceptable by other courts. Brief of Debtor/Appellant at 15. Accordingly, we affirm the district court's decision not to remand the case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Boyd himself claims that the source of the payments will be his salary as a schoolteacher. Brief of Debtor/Appellant at 4. Whether the payments come from his future salary or his rental income, they do not constitute "new" value
 
 
 [2]
 The district court also noted that if a debtor's promise of future payments was considered new value, debtors could always evade the absolute priority rule by promising some future contribution. ER at 57
 
 
 [3]
 Boyd contends that one reason he presented no evidence was that the bankruptcy court improperly raised the absolute priority rule sua sponte, rather than in response to a properly filed objection by a creditor which would have alerted him to the issue. Brief of Appellant/Debtor at 12; Reply Brief of Debtor/Appellant at 7-8. This argument is unpersuasive. No formal objection by a creditor is necessary. Instead, the absolute priority rule comes into effect when a plan is denied confirmation because of a negative vote by one or more of the creditor classes, and the debtor requests confirmation despite the negative vote. In this event, the court may confirm the plan if it finds the plan to be "fair and equitable" to the dissenting class. 11 U.S.C. Sec. 1129(b)(1). For unsecured creditors, a plan is "fair and equitable" if it satisfies the absolute priority rule. Sec. 1129(b)(2)